1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| SAMUEL EDWARDS,<br>CDCR #F-55903,<br><br>                              Plaintiff,<br><br><br>                    vs.<br><br><br>CDCR; AMY MILLER; JONATHAN HILL;<br>D. SIDHU; MICHAEL D. GREENWOOD;<br>H. MENDEZ; KERRY DAUBACH; GARY<br>HOPPER; RUBEN LAM; JIMMY<br>TRUJILLO; R. GIBSON;<br>PAUL COURTHIER; T. CARRANZA;<br>Y. CASTILLO,<br><br>                              Defendant. | Civil No.      15cv0174 LAB (JMA)<br><br><br>**ORDER DENYING MOTION TO<br>PROCEED *IN FORMA PAUPERIS*<br>PURSUANT TO 28 U.S.C. § 1915(a)<br>AND DISMISSING CIVIL ACTION<br>WITHOUT PREJUDICE FOR<br>FAILING TO PREPAY FILING FEES<br>REQUIRED BY<br>28 U.S.C. § 1914(a)**<br><br>**(Doc. No. 2)** |

        Samuel Edwards ("Plaintiff"), currently incarcerated at Centinela State Prison located in

Imperial, California, and proceeding pro se, has filed a civil rights complaint ("Compl.")

pursuant to 42 U.S.C. § 1983 (Doc. No. 1).  Plaintiff has not prepaid the civil filing fee required

by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP")

pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if that party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  "Under the PLRA [Prison Litigation Reform Act], all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason.  *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period  immediately preceding the filing of the complaint. . . ."  28 U.S.C. § 1915(a)(2).   From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statements, or an institutional equivalent, for the 6-month period immediately preceding the filing of his Complaint.  *See* 28 U.S.C.

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).   However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

§ 1915(a)(2); S.D. CAL. CIVLR 3.2.  Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of the initial filing fee which is statutorily required to initiate the prosecution of this action.  *See* 28 U.S.C. § 1915(b)(1).

## II.

### CONCLUSION AND ORDER

For these reasons, IT IS ORDERED that:

(1)   Plaintiff's Motion to Proceed IFP (Doc. No. 2) is DENIED and the action is DISMISSED without prejudice for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a).

(2)   Plaintiff is GRANTED forty-five (45) days from the date of this Order in which to re-open his case by either: (1) paying the entire $400 statutory and administrative filing fee, **or** (2) filing a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).[2]

/ / /

/ / /

---

[2]   Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay filing fees.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

1        (3)    The Clerk of the Court is DIRECTED to provide Plaintiff with a Court-approved

2    form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter.  If Plaintiff

3    neither pays the $400 filing fee in full nor sufficiently completes and files the attached Motion

4    to Proceed IFP, *together with a certified copy of his trust account statement within 45 days*, this

5    action will remained dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without

6    further Order of the Court.

7

8

9    DATED:  January 30, 2015

10

11   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28