

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21

SAMUEL EDWARDS,
CDCR #F-55903,

                                    Plaintiff,


                vs.


CALIFORNIA DEP'T OF
CORRECTIONS AND
REHABILITATION, et al.,

                                    Defendants.

Civil No.     15cv0174 LAB (JMA)

**ORDER:**

**(1)  GRANTING PLAINTIFF'S
MOTIONS TO PROCEED
*IN FORMA PAUPERIS*
[ECF Doc. Nos. 4, 6]; and**

**(2)  SUA SPONTE DISMISSING
COMPLAINT FOR FAILING TO
STATE A CLAIM PURSUANT
TO 28 U.S.C. §§ 1915(e)(2)
AND 1915A(b)**

22
23
24
25
26
27
28

        Samuel Edwards, ("Plaintiff"), currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  (ECF Doc. No. 1.)  Plaintiff has not prepaid the civil filing fee; instead he has filed two Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. Nos. 4, 6).

//

//

1  **I.    PLAINTIFF'S MOTION TO PROCEED IFP**

2       All parties instituting any civil action, suit or proceeding in a district court of the

3  United States, except an application for writ of habeas corpus, must pay a filing fee.  *See*

4  28 U.S.C. § 1914(a).[1]  An action may proceed despite the plaintiff's failure to prepay the

5  entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See*

6  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a

7  prisoner and he is granted leave to proceed IFP, he nevertheless remains obligated to pay

8  the entire fee in installments, regardless of whether his action is ultimately dismissed. *See*

9  28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

10      Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act

11  ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of

12  the trust fund account statement (or institutional equivalent) for . . . the six-month period

13  immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v.*

14  *King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement,

15  the Court assesses an initial payment of 20% of (a) the average monthly deposits in the

16  account for the past six months, or (b) the average monthly balance in the account for the

17  past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C.

18  § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then

19  collects subsequent payments, assessed at 20% of the preceding month's income, in any

20  month in which the prisoner's account exceeds $10, and forwards them to the Court until

21  the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

22      In support of his IFP application, Plaintiff has submitted the certified copies of his

23  trust account statements required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.

24  *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account statements,

25  as well as the attached prison certificate where he is currently incarcerated verifying his

26  _____

27      [1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a),
28  (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

1   account history and available balances, and has determined that Plaintiff has no available

2   funds from which to pay filing fees at this time.  *See* 28 U.S.C. § 1915(b)(4) (providing

3   that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing

4   a civil action or criminal judgment for the reason that the prisoner has no assets and no

5   means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding

6   that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

7   IFP case based solely on a "failure to pay . . . due to the lack of funds available to him

8   when payment is ordered.").

9   Therefore, the Court **GRANTS** Plaintiff's Motions to Proceed IFP (ECF Doc. Nos.

10   4, 6) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the

11   entire $350 balance of the filing fees mandated must be garnished by the California

12   Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of

13   the Court pursuant to the installment payment provisions set forth in 28 U.S.C.

14   § 1915(b)(1).

15   **II.   INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)**

16   **A.   Standard of Review**

17   Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also

18   obligates the Court to review complaints filed by all persons proceeding IFP and by

19   those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,

20   sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

21   conditions of parole, probation, pretrial release, or diversionary program," "as soon as

22   practicable after docketing."  See 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these

23   provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions

24   thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from

25   defendants who are immune.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v.*

26   *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v.*

27   *Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

28   //

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

## B.     42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of

1   substantive rights, but merely provides a method for vindicating federal rights elsewhere

2   conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks

3   and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1)

4   deprivation of a right secured by the Constitution and laws of the United States, and (2)

5   that the deprivation was committed by a person acting under color of state law." *Tsao v.*

6   *Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

7       **C.    Respondeat Superior**

8       As an initial matter, the Court notes that Plaintiff names the Warden for CEN as

9   a Defendant. *See* Compl. at 1. However, his Complaint contains virtually no allegations

10  this individual knew of or took any part in any constitutional violation. "Because

11  vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

12  government-official defendant, through the official's own individual actions, has violated

13  the Constitution." *Ashcroft*, 556 U.S. at 676; *see also Jones v. Community*

14  *Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even

15  pro se plaintiff must "allege with at least some degree of particularity overt acts which

16  defendants engaged in" in order to state a claim).

17      Plaintiff includes no details as to what Miller specifically did, or failed to do, which

18  resulted in the violation of any constitutional right. *Iqbal*, 556 U.S. at 678 (noting that

19  Fed.R.Civ.P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me

20  accusation," and that "[t]o survive a motion to dismiss, a complaint must contain

21  sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on

22  its face.'") (quoting *Twombly*, 550 U.S. at 555, 570).

23      Thus, to the extent it appears Plaintiff seeks to sue Warden Miller only by virtue

24  of her position within the prison and/or her supervisory duties over other correctional or

25  medical officials, in order to avoid the respondeat superior bar, his pleading must include

26  sufficient "factual content that allows the court to draw the reasonable inference that the

27  defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and include a

28  description of personal acts by each individual defendant which show a direct causal

connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and with deliberate indifference, failed to act to prevent them. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Taylor*, 880 F.2d at 1045. If there is no affirmative link between a defendant's conduct and the alleged injury, as there is none alleged here, there is no deprivation of the plaintiff's constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 370 (1976).

As currently pleaded, Plaintiff's Complaint sets forth no facts which might be liberally construed to support any sort of individualized constitutional claim against Warden Miller, who is purportedly being sued based on the position she holds and not because of any individually identifiable conduct alleged to have caused Plaintiff injury. "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*, 423 U.S. at 370-71).

Based on these pleading deficiencies, the Court finds Plaintiff has failed to state a claim against Miller and his Complaint requires dismissal as to this party pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### D.   Eleventh Amendment

In addition, the Court finds that to the extent Plaintiff names the State of California's Department of Corrections and Rehabilitation ("CDCR") as a Defendant, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for both failing to state a claim and for seeking damages against a defendant who is immune.

The State of California's Department of Corrections and Rehabilitation is not a

"person" subject to suit under § 1983.  *Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983.  And to the extent Plaintiff may intend to sue the State of California itself, his claims are clearly barred by the Eleventh Amendment.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that the Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Nat'l Audubon Soc'y v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002) (noting that even in a suit seeking prospective relief, "state agencies are [ ] immune from suit because they are state entities, not individual state officers.").

Therefore, to the extent Plaintiff seeks monetary damages against the CDCR, or any relief whatsoever against the State of California itself, his Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1) & (2).  *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

**E.    Fourteenth Amendment claim**

Finally, the Court finds that Plaintiff has failed to state a claim arising from his allegations that he was denied due process during his disciplinary hearings.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."  *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections.  *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  However, the Supreme Court has significantly limited the instances in which due process can be invoked.   Pursuant to *Sandin v. Conner*,  515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents

1   of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th
2   Cir. 1997).

3          In this case, Plaintiff has failed to establish a liberty interest protected by the
4   Constitution because he has not alleged, as he must under *Sandin*, facts related to the
5   conditions or consequences of his disciplinary hearing which show "the type of atypical,
6   significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For
7   example, in *Sandin*, the Supreme Court considered three factors in determining whether
8   the plaintiff possessed a liberty interest in avoiding disciplinary segregation:  (1) the
9   disciplinary versus discretionary nature of the segregation; (2) the restricted conditions
10  of the prisoner's confinement and whether they amounted to a "major disruption in his
11  environment" when compared to those shared by prisoners in the general population; and
12  (3) the possibility of whether the prisoner's sentence was lengthened by his restricted
13  custody.  *Id.* at 486-87.

14         Therefore, to establish a due process violation, Plaintiff must first show the
15  deprivation imposed an atypical and significant hardship on him in relation to the
16  ordinary incidents of prison life.  *Sandin*, 515 U.S. at 483-84.  Plaintiff has failed to
17  allege any facts from which the Court could find there were atypical and significant
18  hardships imposed upon him as a result of the Defendants' actions.  Plaintiff must allege
19  "a dramatic departure from the basic conditions" of his confinement that would give rise
20  to a liberty interest before he can claim a violation of due process.  *Id.* at 485; *see also*
21  *Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th
22  Cir. 1998).  He has not; therefore the Court finds that Plaintiff has failed to allege a
23  liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process
24  claim.  *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486.

25         Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983
26  claim upon which relief may be granted, and is therefore subject to dismissal pursuant to
27  28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

28  **III.   CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motions to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 4, 6) are **GRANTED**.

2.      The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      The Clerk of the Court is directed to serve a copy of this Order on Jeffrey Beard, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  However, Plaintiff is **GRANTED** sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

5.      The Clerk of Court is directed to mail a copy of a form § 1983 complaint.

DATED:  February 24, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge