UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL EDWARDS,<br>CDCR #F-55903,<br><br>                            Plaintiff,<br><br>vs.<br><br>CDCR, et al.,<br><br>                           Defendants. | Civil No.   15cv0174 LAB (JMA)<br><br>**ORDER:**<br><br>**(1) DISMISSING DEFENDANT; AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

## I.  PROCEDURAL HISTORY

On January 26, 2015, Samuel Edwards ("Plaintiff"), a prisoner currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 4, 6).

This Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 7.)

Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies identified in the Court's Order. *Id.* On April 23, 2015, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 8.) Once again, this Court dismissed Plaintiff's First Amended Complaint for failing to state a claim upon which relief could be granted. Plaintiff filed his Second Amended Complaint ("SAC") on June 26, 2015. (ECF No. 10.) In this pleading, Plaintiff no longer names the CDCR as a Defendant. Therefore, the claims against the CDCR are dismissed and the Clerk of Court is directed to terminate this Defendant from the docket. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

## II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Orders, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v.*

*Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."

As currently pleaded, the Court finds Plaintiff's allegations in his SAC sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez,* 203 F.3d at 1126-27. Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. The Clerk shall issue a summons as to Plaintiff's Second Amended Complaint (ECF No. 10) upon Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of the Order granting Plaintiff leave to proceed IFP (ECF No. 7), a certified copy of his Second Amended Complaint (ECF No. 10) and **Exhibits** (ECF No. 12), and the summons so that he may serve each named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1  completely and accurately as possible, and to return them to the United States Marshal
2  according to the instructions provided by the Clerk in the letter accompanying his IFP
3  package.  Upon receipt, the U.S. Marshal shall serve a copy of the Second Amended
4  Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form
5  285s.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C.
6  § 1915(d); FED.R.CIV.P. 4(c)(3).

7       2.    Defendants are thereafter **ORDERED** to reply to Plaintiff's Second
8  Amended Complaint within the time provided by the applicable provisions of Federal
9  Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may
10 occasionally be permitted to "waive the right to reply to any action brought by a prisoner
11 confined in any jail, prison, or other correctional facility  under section 1983," once the
12 Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and
13 § 1915A(b), and thus, has made a preliminary determination based on the face on the
14 pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the
15 defendant is required to respond).

16      3.    Plaintiff shall serve upon the Defendants or, if appearance has been entered
17 by counsel, upon Defendants' counsel, a copy of every further pleading or other document
18 submitted for consideration of the Court.  Plaintiff shall include with the original paper to
19 be filed with the Clerk of the Court a certificate stating the manner in which a true and
20 correct copy of any document was served on Defendants, or counsel for Defendants, and
21 the date of service.  Any paper received by the Court which has not been filed with the
22 Clerk or which fails to include a Certificate of Service will be disregarded.

24 DATED: July 2, 2015

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge