# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL EDWARDS, | CASE NO. 15cv174-LAB (JMA) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION; AND** |
| vs. | |
| CDCR, et al., | **ORDER OF DISMISSAL** |
| Defendants. | |

Samuel Edwards, a prisoner in state custody proceeding *pro se* and *in forma pauperis*, brought claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. After two dismissals, Edwards filed his second amended complaint (the "SAC"). Defendants then moved to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6). The motion was referred to Magistrate Judge Jan Adler for a report and recommendation.

On February 23, 2016, Judge Adler issued his report and recommendation (the "R&R"). The R&R ordered that any objections be filed by March 11, 2016. Edwards then moved for an additional 30 days to file his objections to the R&R. The only reason he gave for requesting the extension was that he needed it in order to prepare a "thorough and competent reply" to the R&R. The Court granted the request and ordered Edwards to file is objections no later than April 8, 2016, but cautioned Edwards that if he needed more time he must request it, and must explain why he needed it.

Since then, Edwards has not filed his objections to the R&R, nor any request for more time, nor anything else.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has reviewed the R&R and finds it to be correct, although in need of some additional explanation.

Edwards' principal claim is that he was placed in administrative segregation (Ad-Seg) without receiving the process due him. As the R&R points out, in order to invoke due process rights, Edwards must first establish he has a liberty interest in avoiding placement in Ad Seg. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995), *Wolff v. McDonnell*, 418 U.S. 539, 557–58 (1974). There is ordinarily no liberty interest in avoiding placement in Ad-Seg. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). " [A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (*abrogated on other grounds by Sandin*, 515 U.S. 472). Edwards has not alleged facts to show he had a protected liberty interest in avoiding Ad-Seg. While the R&R considers alternative reasons for dismissal, this is the most compelling.

One of Edwards' claims is that certain of his personal belongings were taken from him while he was in Ad-Seg and either lost or damaged. But the SAC shows the state provided
/ / /

post-deprivation remedies, which he attempted to make use of.[1]  (SAC at 6, 11.)  While temporary confiscation of his property was in accordance with state procedure, its loss or damage was not.  Therefore, all that due process required was a meaningful post-deprivation remedy, *see Hudson v. Palmer*, 468 U.S. 517, 531–33 (1984), which California provides.  *See Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("California Law provides an adequate post- deprivation remedy for any property deprivations.")

Finally, the R&R refers in various places to "the record" in this case.  (*See, e.g.*, R&R at 12:16–28.)  When ruling on a Rule 12(b)(6) motion, the Court considers only the pleadings not evidence.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  But the Court may consider documents attached to the complaint, and treat them as part of the complaint.  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  That is what the R&R did, and what the Court does: the "record" refers to documents attached to the SAC, not to extrinsic evidence.

With these additions, the Court finds the R&R to be correct, and **ADOPTS** it.  The motion to dismiss is **GRANTED**, and the SAC is **DISMISSED WITH PREJUDICE**.  All other pending motions and requests are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: April 20, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] The SAC alleges he was unsuccessful, in part, because he sought $2 million in total compensation for all his claims, which was beyond what the Board was authorized to award. (SAC at 11.)  After that, he did not pursue any more claims with the Board.  (*Id.*)